United States District Court
Southern District of Texas
**ENTERED**
June 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| COREY MOODY,<br>    Plaintiff, | §<br>§<br>§ |
| vs. | §    CIVIL ACTION NO. 7:20-cv-0122 |
| | § |
| MAXEY CERILANO, et al.,<br>    Defendants. | §<br>§<br>§ |

## REPORT AND RECOMMENDATION

Plaintiff Corey Moody filed a prisoner civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Texas, Tyler Division (Dkt. No. 1). Moody proceeds *pro se* and he has been granted leave to proceed *in forma pauperis* (Dkt. No. 4). Moody filed suit initially against Gregg County Sheriff Maxey Cerilano and several other officials involved in a parole revocation proceeding that was pending against him in the 188th District Court for Gregg County, Texas. After Moody filed a second amended complaint that included claims against several state prison officials employed by the Texas Department of Criminal Justice ("TDCJ") at the Segovia Unit in Hidalgo County (Dkt. No. 14), the Eastern District severed those claims and transferred that portion of the case to the Southern District of Texas, McAllen Division (Dkt. No. 17).

The case has been referred to the undersigned for pretrial management pursuant to 28 U.S.C. § 636(b). Because Moody has failed to comply with multiple court orders, including a Second Order for More Definite Statement (Dkt. No. 22) and an Order to Show Cause (Dkt. No.

1

24), the court recommends that this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the reasons explained below.

## I. BACKGROUND

On February 18, 2020, Moody filed his original complaint in the Eastern District of Texas against Sheriff Maxey and several other defendants located in Gregg County (Dkt. No. 1), which is within the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(1). When Moody filed this complaint he was civilly committed for psychiatric treatment at the Montgomery County Mental Health Facility in Conroe, Texas, as the result of an order issued by the 188th District Court, which found Moody incompetent to proceed in state court. The Eastern District found that Moody's original complaint was deficient and ordered him to re-plead (Dkt. No. 8). After reviewing Moody's amended complaint and finding it similarly deficient, the Eastern District ordered Moody to try again (Dkt. No. 11).

On May 4, 2020, Moody filed a second amended complaint that included claims against several defendants who were employed by TDCJ at the Segovia Unit: Mr. Gomez, Mr. Casanova, Nurse Sandra, Nurse Ofalia, Sgt. Parker, Warden Wats, Lt. Perez, and Lt. Lopez (the "Segovia Unit defendants") (Dkt. No. 14, at 17).[1] On May 7, 2020, the Eastern District severed the case and transferred Moody's claims against the Segovia Unit defendants to the Southern District of Texas, McAllen Division, for all further proceedings (Dkt. No. 15).

This court screened the second amended complaint as required by the Prison Litigation Reform Act (the "PLRA"), which requires a court to review the claims and dismiss the case if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§

---

[1] For purposes of identification, all page numbers reference the pagination imprinted by the court's electronic filing system, CM/ECF.

1915(e)(2)(B), 1915A(b). After concluding that Moody failed to provide facts in support of a claim for relief under 42 U.S.C. § 1983, the court issued an Order for More Definite Statement on May 19, 2020, instructing Moody to submit his claims against the Segovia Unit defendants on a standard civil rights complaint form along with an attached response to a series of questions about those claims (Dkt. No. 19, at 2-3). The court warned Moody that any failure to comply would result in the dismissal of his case pursuant to Fed. R. Civ. P. 41(b) without further notice (Dkt. No. 19, at 3). The court also admonished Moody that it was his duty to provide the court with a change of address and that any failure to do so would also result in the dismissal of his case pursuant to Fed. R. Civ. P. 41(b) (*Id.*). Moody, who responded by re-filing four pages of his second amended complaint (Dkt. No. 21), failed to comply as directed by submitting his claims on the standard complaint form that had been provided to him and he did not respond to any of the court's questions.

On June 23, 2020, the court issued a Second Order for More Definite Statement, repeating the instructions for Moody to submit his claims against the defendants employed at the Segovia Unit on a standard civil rights complaint form and to answer a series of questions about those claims (Dkt. No. 22, at 3-5). The court extended Moody's deadline to respond until July 23, 2020, and repeated the admonishment that any failure to comply would result in the dismissal of this case (*Id.* at 4).

The Second Order for More Definite Statement was returned undeliverable, advising the court that Moody was no longer confined at the Montgomery County Mental Health Facility (Dkt. No. 23). Moody did not provide an updated address as required by Rule 83.4 of the Local Rules for the Southern District of Texas, which states that every *pro se* litigant is responsible for keeping

3

the Clerk advised in writing of his current address. This requirement was explained to Moody in the Order for More Definite Statement issued on May 19, 2020 (Dkt. No. 19, at 3).

Moody did not contact the court to provide a change of address. Eventually, the court learned that he was in custody at the Gregg County Jail. On January 5, 2021, the court issued an Order to Show Cause that gave Moody one last opportunity to submit his claims on a standard civil rights complaint form and respond to the questions posed previously in the Second Order for More Definite Statement. The court gave Moody thirty days to respond and warned him that "**that any failure to comply as directed will result in the dismissal of this case under Fed. R. Civ. P. 41(b) without further notice.**" (Dkt. No. 24, at 3) (emphasis in original).

The court sent the Order to Show Cause to Moody by certified mail at the Gregg County Jail. The certified mail receipt was returned executed on January 11, 2021, showing that it was received (Dkt. No. 25). To date, Moody has not contacted the court to provide a current, updated address in compliance with local rules and he has further failed to comply with repeated orders to cure his deficient pleadings by providing additional information about his claims.

## II. ANALYSIS

"The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). Under this inherent power, a court may dismiss a case for want of prosecution where a plaintiff fails to pursue his claims or comply with court orders. *See* Fed. R. Civ. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440-41 (5th Cir. 2016) (same).

Despite warnings that his failure to respond would result in dismissal of this case, Moody has failed to comply with repeated orders to cure the deficiencies in his pleadings. "[T]he failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007); *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.").

Moody's failure to pursue this case by responding to the court's orders or by providing a current address forces the court to conclude that he lacks the requisite due diligence and that he has abandoned his claims against the Segovia Unit defendants. Because further warnings would be a futile gesture, dismissal for want of prosecution pursuant to Rule 41(b) is appropriate.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the civil rights complaint filed by Plaintiff Corey Moody be **DISMISSED** without prejudice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### NOTICE TO THE PLAINTIFF

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**SIGNED** at McAllen, Texas, on 4th day of June, 2021.

                                        Juan F. Alanis
                                        United States Magistrate Judge